IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) | CIVIL ACTION NO. |
| ) v. ) ) | |
| MID-AMERICAN SPECIALTIES, INC. ) ) ) | COMPLAINT |
| Defendant. ) ) | JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the bases of sex and retaliation, and to provide appropriate relief to female employees who were adversely affected by such practices. The Commission alleges that Defendant Employer subjected Jennifer Looney, Karen Wingate, Sandra Williamson, and females as a class to sexual harassment and failed to take prompt and appropriate remedial action after they complained about the harassment. The Commission alleges that Defendant discharged Ms. Wingate and Ms. Williamson in retaliation for their complaints and constructively discharged Ms. Looney.

## JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The unlawful employment practices alleged below were and are now being committed within the jurisdiction of the United States District Court for the Western District of Tennessee, Western Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the Commission), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by § 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000-5(f)(1) and (3).

4. At all relevant times, Defendant, Mid-American Specialties, Inc., (Defendant Employer), has continuously been a Tennessee corporation doing business in the State of Tennessee and the City of Germantown. Defendant Employer has continuously had at least fifteen employees.

5. At all relevant times Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Jennifer Looney and Karen Wingate filed charges of discrimination alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least approximately June 2007, Defendant Employer has engaged in unlawful employment practices in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. § 2000e-2(a) § 2000e-3(a).

8. The unlawful employment practices involved subjecting Jennifer Looney to sexual harassment because of her sex, female.

a. Jennifer Looney was employed by Defendant Employer as a sales representative around August 2006.

b. The Commission alleges that Looney was subjected to unwelcome sexual harassment by male managers in the workplace.

c. Looney complained to management about the alleged sexual harassment. Defendant did not take appropriate remedial action to stop the harassment after Looney complained. Rather, Defendant's managers taunted Looney about her complaints, making it obvious to Looney that further complaints about the harassment would be futile.

d. The unwelcome sexual conduct was sufficiently pervasive and severe to alter the terms and conditions of Ms. Looney's employment and create an abusive working environment.

e. The effect of the practices complained of in paragraphs 8a-d above has been to deprive Jennifer Looney of equal employment opportunities and to otherwise adversely affect her status as an employee because of her sex.

9. The unlawful employment practice involved subjecting Jennifer Looney to constructive discharge because of sexual harassment.

a. After Looney reported the alleged sexual harassment, the Commission alleges that Defendant Employer failed to take prompt and effective action.

b. Males managers and employees taunted Looney about her complaints of sexual harassment.

    c.    Because of their behavior, Looney was forced to quit her employment.

    d.    The effect of the practices complained of in paragraphs 9a-c above has been to deprive Jennifer Looney of equal employment opportunities and to otherwise adversely affect her status as an employee because of her sex.

    10.    The unlawful employment practice involved subjecting Karen Wingate to sexual harassment because of her sex, female.

    a.    Karen Wingate was hired by Defendant Employer as a marketing agent around April 16, 2007.

    b.    The Commission alleges that male managers subjected her to unwelcome sexual harassment in the workplace during her employment.

    c.    The unwelcome sexual conduct was sufficiently pervasive and severe to alter the terms and conditions of Ms. Wingate's employment and create an abusive working environment.

    d.    Wingate complained to Defendant about the alleged harassment.

    e.    Defendant did not take effective and prompt action to stop the harassment.

    f.    The effect of the practices complained of in paragraphs 10a-e above has been to deprive Karen Wingate of equal employment opportunities and to otherwise adversely affect her status as an employee because of her sex.

    11.    The unlawful employment practices involved subjecting Karen Wingate to retaliatory discharge for her complaints about being sexually harassed.

    a.    The Commission alleges that Wingate was approved for medical leave due to an emergency medical condition around September 14, 2007.

b. During October, 2007, while Wingate was on approved medical leave, Defendant discharged her on the ground that she violated its attendance policy by failing to call in by 9:00 a.m.

c. Defendant knew that Wingate was on approved medical leave and was unable to report to work.

d. Wingate had complained about being sexually harassed by management officials prior to taking approved medical leave.

e. The Commission maintains that Defendant discharged Wingate in retaliation for her complaints of sexual harassment.

f. The effect of the practices complained of in paragraphs 11a-e above has been to deprive Karen Wingate of equal employment opportunities and to otherwise adversely affect her status as an employee because of retaliation.

12. The unlawful employment practice involved subjecting females as a class to sexual harassment because of their sex, female, during the same relevant time period during which the events alleged above occurred. The class of affected females includes but is not limited to Sandra Williamson.

a. Other female employees maintain that Defendant's managers subjected them to sexual harassment during the same relevant time period.

b. The females complained to Defendant's human resources department and other management officials about alleged sexual harassment by males and managers in the workplace.

c. The unwelcome sexual conduct was sufficiently pervasive and severe to alter the terms and conditions of other females' employment and create an abusive

working environment.

  d. Defendant did not take effective and prompt action to stop the harassment.

  e. The effect of the practices complained of in paragraphs 12a-d above has been to deprive females as a class of equal employment opportunities and to otherwise adversely affect their status as employees because of their sex.

  13. The unlawful employment practices involved subjecting Sandra Williamson to retaliatory discharge for her complaints about being sexually harassed.

  a. The Commission alleges that Sandra Williamson was hired by Defendant Employer in November 2006.

  b. As alleged in paragraphs 12 a through c, Defendant Employer subjected Ms. Williamson to sexual harassment.

  c. Around July 2007, Ms. Williamson witnessed a manager subjecting Ms. Wingate to sexual harassment.

  d. Ms. Williamson reported Defendant Employer's harassment to its human resources department.

  e. Around August 2007, Defendant Employer discharged Ms. Williamson.

  f. Defendant Employer discharged Ms. Williamson in retaliation for her complaints about being sexually harassment.

  g. Defendant Employer discharged Ms. Williamson in retaliation for her complaints about witnessing Ms. Wingate being sexually harassment.

  h. The effect of the practices complained of in paragraphs 13 a-g above has been to deprive Sandra Williamson of equal employment opportunities and to otherwise

adversely affect her status as an employee because of retaliation.

14.  The unlawful employment practices complained of in paragraphs 8 through 13 above were intentional.

15.  The unlawful employment practices complained of in paragraphs 8 through 13 above were done with malice and/or with reckless indifference to the federally protected rights of Jennifer Looney, Karen Wingate, Sandra Williamson and female employees as a class.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant Employer and its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates against employees because of their sex or retaliation;

B.  Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for female employees which eradicate the effects of Defendant Employer's unlawful employment practices described in paragraphs 8 through 13 above;

C.  Order Defendant Employer to make whole Jennifer Looney, Karen Wingate, Sandra Williamson and other affected females by providing appropriate back pay, with prejudgment interest, in amounts to be determined at trial and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, including but not limited to rightful-place reinstatement;

D.  Order Defendant Employer to make whole Jennifer Looney, Karen

Wingate, Sandra Williamson and other female employees found to have been sexually harassed by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices, in amounts to be determined at trial.

E.  Order Defendant Employer to make whole Jennifer Looney, Karen Wingate, Sandra Williamson and other female employees found to have been sexually harassed by providing compensation for nonpecuniary losses resulting from the unlawful employment practices, including emotional and psychological pain and suffering, in amounts to be determined at trial;

F.  Order Defendant Employer to pay punitive damages for its malicious and/or reckless conduct to Jennifer Looney, Karen Wingate, Sandra Williamson, and other female employees found to have been sexually harassed, discharged, and subjected to retaliation, in amounts to be determined at trial;

G.  Grant such further relief as the Court deems necessary and proper in the public interest; and

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

**JAMES LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel


s/ Faye A. Williams (with permission SWD)
**FAYE A. WILLIAMS**
Regional Attorney
Tennessee Bar No. 011730


s/ Deidre Smith (with permission SWD)
**DEIDRE SMITH**
Supervisory Trial Attorney
Tennessee Bar No. 018499


s/ Steven W. Dills
**STEVEN W. DILLS**
Senior Trial Attorney
Tennessee Bar No 11970

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
1407 Union Avenue, 9th Floor
Memphis, TN 38104
Telephone:   (901) 544-0136